**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : | Case No. 4:16-CV-01927 |
| Plaintiff, | : : | (Judge Brann) |
| v. | : : | |
| VLADIMIR PODNEBENNYY, OLGA IGOLNIKOV, and YLENA KIM, | : : : : | |
| Defendants. | : : | |

**MEMORANDUM and ORDER**

**March 16, 2017**

Before the Court is an interpleader action initiated by Plaintiff/stakeholder The Prudential Insurance Company of America against Defendants/claimants Vladimir Podnebennyy, Olga Igolnikov, and Ylena Kim.  Plaintiff/stakeholder now moves for an order granting interpleader relief, and otherwise discharging it from all liability concerning the property at issue.  This relief will be granted.

## I.    INTRODUCTION and PROCEDURAL HISTORY

Plaintiff The Prudential Insurance Company of America ("Prudential"), an insurance company organized and existing under the laws of the State of New Jersey with its primary place of business located in Newark, New Jersey, provided a group contract to The Pennsylvania State University bearing Group Contract No.

1

G-35200 with basic coverage in the amount of $5,000 and optional coverage in the amount of $210,000 (collectively, "Death Benefits").[1]  Natalya Podnebennaya ("Insured") was insured under these death benefits policy.[2]  On October 26, 2015, Natalya Podnebennaya died.  This death was later deemed a homicide.[3]

Vladimir Podnebennyy, insured's husband and a Defendant/claimant in this action, was arrested and charged with first-degree murder and third-degree murder in connection with Insured's death.[4]  On September 26, 2016, Defendant/claimant Vladimir Podnebennyy was convicted of first-degree murder.  He has since appealed that conviction.  The appeal remains pending.[5]

On September 21, 2016, Prudential filed a Complaint for interpleader relief pursuant to 28 U.S.C. § 1335.[6]  Defendant/claimant Olga Igolnikov answered it on November 3, 2016.[7]  The Court held an initial case management conference on

---

[1]  Compl. (ECF No. 1) ¶¶ 1, 7, at 1, 2; Answer (ECF No. 5) ¶¶ 1, 7, at 1.

[2]  Id.

[3]  Compl. ¶ 8, at 2; Answer ¶ 8, at 1.

[4]  Compl. ¶ 9, at 3; Answer ¶ 9, at 1.

[5]  Decl. of Sarah Blaine, Esq. (ECF No. 14-4) ¶ 3.

[6]  ECF No. 1.

[7]  ECF No. 5.  Mark S. Weaver, Esq. entered his appearance on behalf of Defendants/claimants Olga Igolnikov and Ylena Kim on March 1, 2017. See ECF No. 17.

January 31, 2017 in which Prudential was granted thirty (30) days to file a formal motion seeking interpleader relief.[8]

At issue or stake in the action are the proceeds from the aforementioned death benefits.  Because Insured did not name a beneficiary for her insurance coverage, these benefits would pass to the highest class of eligible beneficiary in accordance with terms of the Group Contract.[9]  These death benefits would therefore pass to Insured's husband, Vladimir Podnebennyy.  However, under Pennsylvania's Slayer Statute, Defendant/claimant would be barred from receiving this inheritance by virtue of his criminal conviction for the death of his spouse.[10] In the event Defendant/claimant's conviction is not overturned, the Group Contract designates the Insured's children, Olga Igolnikov and Ylena Kim, as alternate beneficiaries.[11]

---

[8]  ECF No. 13.

[9]  Compl. ¶ 10, at 3; Answer  ¶ 10, at 1.

[10]  Compl. ¶ 11, at 3; Answer ¶ 11, at 1–2; see also 20 Pa.C.S.A. § 8811 ("Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or as the survivor of a joint life policy, shall be paid to the estate of the decedent, unless the policy or certificate designates some person not claiming through the slayer as alternative beneficiary to him.").

[11]  Compl. ¶ 12, at 3; Answer ¶ 11, at 1–2

On February 16, 2017, Prudential duly filed a Motion for Deposit of Funds and for Interpleader Relief,[12] requesting that the Court issue an Order (1) restraining Defendants/claimants from initiating any proceedings against it relating to the Remaining Death Benefit and/or the Group Policy, (2) allowing Prudential to deposit the Death Benefit into the Court's registry, (3) directing Defendants/claimants to interplead their rights to the sum at stake, (4) discharging Prudential from further liability, and (5) dismissing Prudential with prejudice from this lawsuit.[13]  Accompanying this Motion is a Certificate of Concurrence which notes that Defendants/claimants Olga Igolnikov and Ylena Kim do not oppose the issuance of interpleader relief to Prudential.[14]  The time for Defendant/claimant Vladimir Podnebennyy to file a brief in opposition has passed.  The motion is therefore ripe for disposition.

## II.   DISCUSSION

Interpleader is an equitable remedy through which a person holding property, or a stakeholder, may "join in a single suit two or more persons asserting

---

[12]  7 Wright, Miller & Kane, Federal Practice & Procedure § 1714 (3d ed. 2001) ("There is no set procedure for conducting the first stage of interpleader. The issues typically are formulated by motion.").

[13]  ECF No. 15, at 7–8.

[14]  ECF No. 16.

claims to that property."[15]  Specifically, when a stakeholder admits it is liable to one of the claimants but seeks to avoid the prospect of multiple liability, interpleader allows it "to file suit, deposit the property with the court, and withdraw from the proceedings."[16]  There are two vehicles for a party seeking interpleader relief: (1) the federal interpleader statute, and (2) Federal Rule of Civil Procedure 22.[17]  Prudential brought this action under the federal interpleader statute, codified at 28 U.S.C. § 1335.  My analysis therefore is limited to that dispositional vehicle.

The federal interpleader statute provides that district courts have subject matter jurisdiction over an action "if there is 'minimal diversity' between two or more adverse claimants, and if the amount in controversy is $500 or more."[18]  An action brought under this statute proceeds in two steps:

> [F]irst, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund.[19]

---

[15]  Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007)(citing NYLife Distributors, Inc. v. Adherance Grp., Inc., 72 F.3d 371, 372 n. 1 (3d Cir. 1995)).

[16]  Prudential Ins. Co. of America v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009)(quoting Price, 501 F.3d at 275).

[17]  Price, 501 F.3d at 275 ("Unlike its statutory counterpart, rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction.").

[18]  Id.

[19]  Adherence Grp., Inc., 72 F.3d at 375.

However, even when the jurisdictional requirements have been met, interpleader, as an equitable proceeding, "is subject to dismissal based on equitable doctrines such as laches."[20]  Prudential's instant motion is limited to the first step of the above delineated interpleader analysis.

Having examined the undisputed facts of this case, I find that the requirements of the interpleader statute have been met, and no equitable doctrine compels dismissal.  First, Prudential has met its burden of showing that it has a "bona fide fear of adverse claims" by two or more claimants who are, among themselves, minimally diverse.[21]  Specifically, it is undisputed that Defendant/claimant Vladimir Podnebennyy is a citizen of Pennsylvania, and Defendants/claimants Olga Igolnikov and Ylena Kim are citizens of Florida and Kazakhstan, respectively.[22]  Claims between these Defendants/claimants are adverse because the ultimate disposition of death benefits in favor of Ylena Kim and Olga Igolnikov would necessarily prevent Vladimir Podnebennyy's receipt of same.  Second, the amount in controversy requirement of statutory interpleader is met because the death benefits at issue, or stake, ($215,000.00) far exceed the

---

[20]  U.S. Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 208 (3d Cir. 1999).

[21]  CNA Ins. Cos. v. Waters, 926 F.2d 247, 251 (3d Cir. 1991)(quoting 3A J. Moore, J. Lucas, & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 22.08[1] (19th ed. 1989)("[I]f the stakeholder has a bona fide fear of adverse claims, interpleader relief is warranted.").

[22]  Compl. ¶¶ 2–4, at 1–2; Answer ¶¶ 2–4, at 1.

statutory minimum of $500.[23]  Third and finally, no equitable doctrine has been raised which would compel the dismissal of this action for interpleader.

Because the jurisdictional requirements for interpleader have been satisfied, Prudential may be dismissed from the instant proceeding.[24]  "Upon satisfying the jurisdictional prerequisites of interpleader, 'the law normally regards the plaintiff as having discharged [its] full responsibility" in the proceeding.' "[25]  A stakeholder's dismissal from the action following deposit of the disputed funds is, however, barred "where a claimant brings an independent counterclaim against the stakeholder."[26]  Here, Defendants/claimants Olga Igolnikov and Ylena Kim have answered Prudential's complaint, but asserted no counterclaim.[27]  Rather, both have consented to Prudential's dismissal from the instant action following deposit of the death benefit funds.[28]  Defendant/claimant Vladimir Podnebennyy has

---

[23]  Compl. ¶¶ 1, 7, at 1, 2; Answer (ECF No. 5) ¶¶ 1, 7, at 1.

[24]  In Prudential's Motion for Deposit of Funds and For Interpleader Relief, it also reserves the right to make an application to this Court within thirty (30) days requesting a reimbursement of costs expending reasonable attorney's fees incurred.  Prudential is therefore directed to make any such a request within 30 days of the date of this Order.

[25]  American Equity Investment Life Ins. Co. v. Howard, 2015 WL 10575901, at *9 (M.D.Pa. Dec. 29, 2015)(quoting Francis I. du Pont & Co. v. Sheen, 324 F.2d 3, 5 (3d Cir. 1963)).

[26]  Id. (quoting Hovis, 553 F.3d at 264).

[27]  See generally Answer (ECF No. 5).

[28]  ECF No. 19.

neither responded to the instant complaint, nor the instant motion.  The time for doing so has now passed. [29]

   **AND NOW**, based on the above reasoning, **IT IS HEREBY ORDERED THAT**:

1. Prudential's Motion for Deposit and Interpleader Relief and dismissal is hereby **GRANTED**.

2. Within twenty-one (21) days of this Order, Prudential shall deposit certain life insurance proceeds in the amount of $215,000.00 (representing basic term life insurance benefits in the amount of $5,000.00 and optional term life insurance benefits in the amount of $210,000.00 payable under Group Policy No. G-35200), together with applicable claim interest, if any, with the Clerk of this Court pursuant to Federal Rule of Civil Procedure 67.

3. Prudential is further directed to serve a copy of this Order to the Clerk of Court with the certified check, made payable to the Clerk of Court.

4. These funds shall be deposited by the Clerk into the Registry of this Court as soon as the business of the office allows, and the Clerk shall deposit these funds into an interest bearing account. These funds so invested in the

---

[29]  Pursuant to Local Rule 7.6 for the Middle District of Pennsylvania, any party who fails to file a brief in opposition within 14 days after service of the motion "shall be deemed not to oppose such motion." L.R. 7.6.

interest-bearing account shall remain on deposit until further order of this Court.

5.   Upon depositing the Death Benefit in accordance with this Order, Prudential shall be discharged from any and all liability to Defendants/claimants Vladimir Podnebennyy, Olga Igolnikov, and Ylena Kim relating to the Group Policy and/or the Death Benefit payable thereunder, and Defendants/claimants Vladimir Podnebennyy, Olga Igolnikov, and Ylena Kim will be permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential, arising out of or in connection relating to the Group Policy and/or the Death Benefit.

6.   Upon depositing the Death Benefit in accordance with this Order, all claims, rights, interests and actions that Defendants/claimants Vladimir Podnebennyy, Olga Igolnikov, and Ylena Kim might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys,

fiduciaries and administrators, with respect to the Group Policy and/or the Death Benefit will be released.

7. Upon depositing the Death Benefit in accordance with this Order, all claims against Prudential will be dismissed with prejudice and Prudential will be dismissed with prejudice from this litigation.  An Order will issue dismissing Prudential from this suit, and substituting Olga Igolnikov and Ylena Kim as Plaintiffs in this matter.

8. This Court retains jurisdiction over Defendants/claimants Vladimir Podnebennyy, Olga Igolnikov, and Ylena Kim who are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the money to be paid into the Court's registry by Prudential, or upon their failure to do so, this Court shall settle and adjust the claims and determine to whom the within total funds shall be paid.

9. Counsel for Prudential shall serve a copy of the within Order upon all parties within 7 days of its receipt.

BY THE COURT:

__s/ Matthew W. Brann_____
Matthew W. Brann
United States District Judge